# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. Nos. 2006004121 |
| | ) | 2003011608 |
| BRIAN L. COVERDALE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 24, 2023
Decided:  March 31, 2023

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

*Motion for Appointment of Counsel*
**DENIED.**

## ORDER

Brian L. Coverdale, *pro se*, Smyrna, DE.

Barzillai K. Axelrod, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware, Attorney for the State of Delaware.

**WHARTON, J.**

This 31st day of March, 2023, upon consideration of Defendant Brian L. Coverdale's untimely first Motion for Post-conviction Relief, and his Motion for Appointment of Counsel, and the record in this matter, it appears to the Court that:

1. On July 15, 2021, Defendant Brian L. Coverdale ("Coverdale") pled guilty to charges from two separate cases - Manslaughter, Driving Under the Influence of Drugs, and Speeding from one case,[1] and Possession of a Firearm During the Commission of a Felony from the other.[2] On October 29, 2021, the Court imposed an aggregate unsuspended Level V sentence of 12 years followed by decreasing levels of supervision as well as fines for the Title 21 offenses.[3] Coverdale sought a sentence modification under Superior Court Criminal Rule 35, which the Court denied on January 7, 2022.[4] He did not appeal either his sentence or the denial of his sentence modification motion to the Delaware Supreme Court. He next filed this Motion for Postconviction Relief ("Motion") on March 24, 2023,[5] along with a Motion for Appointment of Counsel.[6] Thus, the Motion for Postconviction Relief is an untimely first postconviction relief motion.[7]

---

[1] D.I. 15 (ID No. 2006004121).
[2] D.I. 11. (ID No. 2003011608).
[3] D.I. 19 (ID No. 2006004121) (All succeeding references are to ID NO. 2006004121).
[4] D.I. 20, 21.
[5] D.I. 22.
[6] D.I. 23.
[7] Super. Ct. Crim. R. 61(i)(1).

2. The Motion alleges a single claim for relief of ineffective assistance of counsel.[8] Specifically, Coverdale alleges his counsel was ineffective for: (1) "failing to investigate relevant issues of intent that would have and did influence decision to plead guilty;" (2) providing "faulty legal advice that lead [sic] to pleading guilty to PFDCF in an unrelated case;" (3) entering faulty and prejudicial stipulation with prosecution that lead [sic] to higher minimum mandatory sentence as opposed to the alleged drug dealing;" and (4) "failure to timely file motion to modify sentence and make aware of other postconviction options after advising that he would make me aware."[9]

3. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[10] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[11]

4. Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first

---

[8] D.I. 22.
[9] *Id.*
[10] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[11] *Id.*

recognized.[12] A second or subsequent motion is considered successive and therefore barred unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[13] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[14] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[15] These bars to relief are inapplicable to either a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact, or that a new rule of constitutional law, made retroactively applicable, applies to the movant's case and renders the conviction invalid.[16]

5. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the

---

[12] Super. Ct. Crim. R. 61(i)(1).
[13] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[14] Super. Ct. Crim. R. 61(i)(3).
[15] Super. Ct. Crim. R. 61(i)(4).
[16] Super. Ct. Crim. R. 61(i)(5).

movant is not entitled to relief.[17]  Here, after careful review of the Motion and the record in the case, it is plainly apparent that Coverdale is not entitled to relief and summary dismissal is appropriate.

6.    The Motion is time-barred.  The Court sentenced Coverdale on October 29, 2021.[18]  Thus, his conviction became final on that date.  This Motion was filed on March 24, 2023, nearly 5 months too late.[19]  He does not allege that the Court lacked jurisdiction, nor that the bar to relief of Rule 61(i)(1) is made inapplicable by Rule 61(i)(5).  The Motion simply alleges ineffective assistance of counsel.  Because this Motion is untimely, and Coverdale has failed to overcome the time bar of Rule 61(i)(1), his Motion is barred.

**THEREFORE**, Defendant Brian L. Coverdale's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.  His Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc:    Prothonotary
cc:    Investigative Services

---

[17] *Id.*
[18] D.I. 19.
[19] D.I. 24.